### W. H. C. WILLIAMS AND WIFE *v.* JOSEPH G. WILSON ET AL.

**Attorney and Client—Purchase by Attorney for Benefit of Client.**

Where an attorney purchased under an execution issued on the judgment obtained by him, he purchased for his client; since whenever an attorney makes his interest in the case conflict with his duty to his client he violates the confidential relation existing between them.

**Attorney and Client—Purchase by Attorney to Secure a Fee.**

Where the attorney for defendant purchased the property in suit at execution sale to secure the fees that were due him by his client, he holds the land for the benefit of his client subject to his lien upon it.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 5, 1873.

OPINION BY JUDGE PRYOR:

The result of the litigation of Mrs. Warner to enforce her alleged right to six acres of land has resulted, as the case is now

presented by the record, in the entire loss of a tract of land belonging to her, containing sixty-six acres, the title to which was undisputed. The two actions against Sawyer, one for trespassing upon, and the other for the recovery of this six acres, were pending in court for many years, lingering upon the docket until the costs amounted to $368.00, $118.00 of which she had paid, and her tract of land containing six acres sold under execution for the remaining costs, amounting to $250.00, and purchased by her attorney, who now claims to have acquired by this purchase the absolute title. If the valuation, as fixed upon the land in controversy, by the appellee, is to regulate the value of the six acres, it was only worth about $72; and in the effort to recover it the appellants' intestate had incurred a debt, in the way of costs, of $368.00, and the attorney's fee for the appellee of $500.00, making in all $868.00, a sum more than the value of the whole land owned by Mrs. Warren, if the price per acre, as stated in the answer of the appellee, is the real value of the property.

There is nothing in the record, however, showing that this unnecessary accumulation of costs was the result of a want of vigilance on the part of the attorney prosecuting the suits. It may be true, as alleged in the petition, that Mrs. Warren was advanced in years and not familiar with business transactions; still there is no evidence of such a want of capacity on her part as prevented her from fully understanding her rights. Nor is the allegation that her agent, Martin, was of weak intellect and liable to be imposed upon, sustained by any proof. The relation of attorney and client existed between Mrs. Warren and the appellee; and such was the confidence of her agent in the judgment and skill of her attorney that it was finally agreed that he should represent Mrs. Warren in person at the survey of the land, and O. F. Stinnan, the defendant lawyer, and that the survey thus made under the supervision of the counsel on each side, should determine the right of the parties. This survey was had and resulted in the dismissal of the actions. The execution was afterwards issued for the costs, and the appellee purchased the sixty-six-acre tract of land for $250.00, and soon after sold it to Sawyer, the defendant in the original action for the recovery of the land, for $1,200.00. It is true the land purchased

by the appellee formed no part of the land in litigation between Mrs. Warren and Sawyer, but nevertheless it was sold to satisfy the costs accruing against the appellee's client by reason of this litigation. The relation of attorney and client existed, unless terminated by an agreement between the parties, so long as any question might be made affecting the rights of Mrs. Warren under the judgment; or at least Mrs. Warren had the right to rely upon this confidential relation even after judgment, unless notified that the employment was at an end. It is true that additional compensation might be demanded for services or advice, even upon a motion to correct the taxation of costs after judgment, or the attorney might refuse to act longer as such; but if he did, it would certainly be a breach of duty for the attorney to say to his client: "I have defended your case until judgment has been rendered against you; the employment is now ended and my services have been retained by your adversary in order to make this judgment out of your property."

When the attorney purchases under the execution issuing on the judgment obtained by him, the purchase is for his client; and when he is the attorney for the defendant who contests the right of recovery and loses, he has no right, by reason of his relation to his client, to speculate on his misfortune by purchasing the property under the judgment. The client has the right to look to his attorney for advice as to the redemption of his land, or as to the extent of his liability for costs. Upon him he depends, and whenever an attorney makes his interest in a case conflict with his duty to his client, he violates the confidential relation between them.

But as we understand the record, the appellee only claims to have made the purchase to secure the fees that were due him by Mrs. Warren; and if this be so, he holds the property for her benefit or that of her devisees, subject to his lien upon it. In appellee's answer, he says that his fees had not been paid, and he knew if he did not make the purchase and save something by this means, he never would get the money. He also denies that he made the purchase to speculate on his client, but bought the land to save himself, as hereinbefore stated, and for no other purpose. The land, according to appellee's statement, was only purchased to save his fees; and the conclusion from the

facts of this record is that he intended to violate no professional duty, but only to secure what was due him; but when he did this, he could claim no more. The purchaser from the appellee was Sawyer, the person with whom the litigation was had. He adopts the answer of the appellee as his answer, and says he purchased in good faith. He, however, is a purchaser with notice of Mrs. Warren's equity. He knew the relation existing between the attorney and his client, and the object of the attorney's purchase, as well as the very inadequate price for which the land was sold.

This deed, made by the sheriff to Wilson, of the sixty-six acres of land, must be cancelled and the appellants restored to the possession. Wilson held in trust, subject to his lien, for the amount bid for the property and its interest, which he has paid. It is also conceded in argument that he is entitled to his fees for the prosecution of the suits, and the amount the appellants are willing that he shall have is $250.00. This sum is fully as much as he is entitled to recover, and only by the consent of appellants is it enforced as a lien upon the property. The appellee, Wilson, is entitled to the amount paid by him with the interest, and his attorney's fee with interest from the institution of the present action, from which should be deducted the reasonable value of the rents of the land from the time the appellee, Wilson, or his vendee took possession of the land. If possession has been surrendered to them when the rent is ascertained, and the deduction made from the indebtedness of the appellee at the end of each year, from the date of the entry by the former for the balance due, the land will be sold. The costs of the litigation in the court below will be paid by the appellees up to the time of rendering the judgment, if any should be rendered subjecting the land to the payment of his debt.

Wherefore the judgment is reversed and the cause remanded for further proceedings consistent herewith.

*Pirtle, for appellants.*

*Wilson, for appellees.*